# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BRITTANY WILLIAMS,

     Plaintiff,

v.                                                    Case No. 8:23-cv-1223-WFJ-AEP

PROFESSIONAL MARKETING
MANAGEMENT, INC.,

     Defendant.

_____/

## **ORDER**

*Pro se* Plaintiff Brittany Williams, a pretrial detainee at the Pinellas County Jail, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, (Doc. 1), and a memorandum of law in support of her claims, (Doc. 2). She alleges that in May 2018, she fell behind on rent for her apartment, which was managed by Professional Marketing Management, Inc. ("PMM"). (Doc. 2 at 3). Two months later, Ms. Williams "attempted to pay three months of rent," but PMM "refused to accept [the] payments." (*Id.*) In August 2018, PMM evicted her from the apartment. (*Id.* at 5). Based on these allegations, Ms. Williams asserts the following claims against PMM: an Eighth Amendment claim for "cruel and unusual punishment," a Fourteenth Amendment claim for "race discrimination," and a claim under the "Federal Fair Housing Act." (Doc. 1 at 3). As relief, Ms. Williams seeks $25 million in damages. (*Id.* at 5).

Having reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B),[1] the Court concludes that this action must be dismissed. Ms. Williams's federal constitutional claims arise under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Ms. Williams alleges no facts showing that PMM, a private landlord, acted under color of state law. Contrary to Ms. Williams's assertion, (Doc. 1 at 4), a landlord does not become a state actor simply by initiating eviction proceedings against a tenant, *see Stroud v. Farr Rentals, LLC*, No. 2:19-cv-95-CDP, 2020 WL 1433644, at *4 (E.D. Mo. Mar. 24, 2020) ("[T]here is no state action in an eviction action by a private landlord.").

Even if Ms. Williams could allege that PMM acted under color of state law, the § 1983 claims would still be dismissed as untimely. In cases arising under § 1983, a court may *sua sponte* consider a statute-of-limitations defense if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Where Florida is the forum state, § 1983 plaintiffs have four years to file

---

[1] The Court construes Ms. Williams's failure to pay the filing fee as a request to proceed *in forma pauperis*. A prisoner who is allowed to proceed *in forma pauperis* in this Court will have her complaint screened under 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

suit. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).

Ms. Williams submitted her complaint on May 25, 2023. (Doc. 1 at 11). The eviction allegedly took place in August 2018, over four years before the complaint was filed. Ms. Williams does not allege any facts that would support tolling the statute of limitations. *See Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 761 (11th Cir. 2006) (affirming dismissal upon screening because, "[i]n the absence of an applicable toll," plaintiff's claim was time barred). Consequently, the § 1983 claims are untimely and must be dismissed. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

The Fair Housing Act claim is also untimely. The statute of limitations for claims brought under the Fair Housing Act is two years. *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ."). The limitations period "begins to run when facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." *Wood v. Briarwinds Condo. Ass'n Bd. of Directors*, 369 F. App'x 1, 4 (11th Cir. 2010). Here, the allegedly discriminatory acts took place in the summer of 2018—well over two years before the complaint was filed. Again, Ms. Williams offers no

basis to toll the statute of limitations. The Fair Housing Act claim must therefore be dismissed.

Accordingly, it is **ORDERED** that Ms. Williams's civil rights complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is directed to enter judgment against Ms. Williams, terminate any pending motions as moot, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on June 7, 2023.

WILLIAM F. JUNG
**UNITED STATES DISTRICT JUDGE**